UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-CV-23911

ISKANDER SALVAT,

    Plaintiff,

vs.

KROME EXPRESS, LLC,
D & G PROPERTIES, INC.,
DONALD K. GROH, and
RICHARD A. GROH,

    Defendants.
_____/

## **COMPLAINT FOR FLSA OVERTIME VIOLATION(S)**

Plaintiff, Iskander Salvat, sues Defendants, Garden Inn Homestead, Inc., D & G Properties, Inc., Krome Express, LLC, Donald K. Groh, and Richard A. Groh, as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Iskander Salvat**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2. Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3. Plaintiff was a non-exempt employee of Defendants.

4. Plaintiff consents to participate in this lawsuit.

5. **Defendant, Krome Express, LLC ("Krome Express"),** is a *sui juris* Florida for-profit limited liability corporation that was authorized to conduct and actually conducted its gas station and convenience store business in Miami-Dade County, Florida, at all times material,

where it maintains its principal place of business.

6. **Defendant, D & G Properties, Inc. ("D & G"),** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

7. Defendant, D&G, is the managing member of Krome Express, LLC.

8. **Defendant, Donald K. Groh,** was at all times material an owner/officer/director/member of D & G and Krome Express, for the time period relevant to this lawsuit. He ran D & G and/or Krome Express' day-to-day operations, was responsible for all operational decisions, was partially or totally responsible for paying Plaintiff's wages and the issuance of information returns.

9. **Defendant, Richard A. Groh,** was at all times material an owner/officer/director/member of D & G and Krome Express for the time period relevant to this lawsuit. He ran D & G and/or Krome Express' day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages and the issuance of information returns.

10. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants, maintained their principal places of business in this District, because Plaintiff worked and was due to be paid in Miami-Dade County, and because most if not all of the operational decisions were made in this District.

11. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 26 U.S.C. §201, *et seq.*, and 26 U.S.C. §7434.

### *Liability*

12. Defendants were Plaintiff's direct employers, joint employers and co-employers

2

for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

13. Defendants, D & G Properties, Inc. and Krome Express, LLC, operated out of the same office located at 27501 S. Dixie Highway, Suite 402, Homestead, FL 33032 and the had the same officers/directors, Donald K. Groh and Richard A. Groh, at all times material.

14. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

15. Defendants have been at all times material engaged in interstate commerce in the course of their provision of gasoline sales and operation of a convenience store which, traditionally, cannot be performed without using computers, petroleum products, uniforms, goods, materials, beverages, supplies, and equipment that have all moved through interstate commerce.

16. Defendants also sold and/or re-sold gasoline, beverages, foods, materials, and supplies that traveled in interstate commerce prior to Defendants' receipt of same.

17. Defendants also engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state payors.

18. Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, regularly and recurrently use telephonic transmissions going outside of the State of Florida to conduct business, and regular and recurrent transmission electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of their business.

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

19. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

20. Defendants hired Plaintiff to work for them as a security guard, but required him to perform duties that included maintenance, cashier, cleaning, and other non-security duties.

21. Plaintiff worked for Defendants from approximately September 22, 2015 to August 21, 2019.

22. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records would be in the exclusive custody of Defendants.

23. Defendants required that Plaintiff work for them at their gas station / convenience store for six days per week, from Sunday to Friday, from 1:00 p.m. to 10:00 p.m.

24. Defendants paid Plaintiff an hourly rate of $9.00 per hour during his employment with Defendants – whereby Donald Groh would hand the cash to Plaintiff for his work.

25. Defendants did not require that Plaintiff document the times that he started or stopped working each day and so are not believed to have records of the actual hours Plaintiff worked.

26. Plaintiff would regularly and routinely work more than 40 hours in a workweek for Defendants.

27. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half times his regular hourly rate(s) of pay for all of the hours that he worked over 40 hours in a given workweek.

28. Plaintiff estimates that between September 19, 2016 to August 21, 2019, he worked an average of 54 hours per week.

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

29.     Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times his regular rate of pay for each of the overtime hours he worked during the relevant time period by paying Plaintiff in cash for all hours worked at his regular rate of pay.

30.     Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which the deprived Plaintiff the overtime pay earned.

31.     Defendants were on notice of the timekeeping and overtime pay requirements imposed by the FLSA as a result of their having been previously sued for violating the FLSA in 2016, but then failed to alter and/or correct their pay practices to thereafter bring them in compliance with the FLSA.

32.     Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

33.     Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

34.     Plaintiff is entitled to a backpay award of overtime wages for all overtime hours he worked in the amount of approximately $9,576.00, plus an equal amount as a penalty/liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Iskander Salvat, demands the entry of a judgment in his favor and against Defendants, Krome Express, LLC, D & G Properties, Inc., Donald K. Groh, and Richard A. Groh, jointly and severally after trial by jury, and as follows:

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 19th day of September 2019.

                                            s/Brian H. Pollock, Esq.
                                            Brian H. Pollock, Esq.
                                            Fla. Bar No. 174742
                                            brian@fairlawattorney.com
                                            FAIRLAW FIRM
                                            7300 North Kendall Drive
                                            Suite 450
                                            Miami, FL 33156
                                            Tel:    305.230.4884
                                            *Counsel for Plaintiff*